UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO.  05-30040-01** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CHARLES SIDNEY MACK, JR.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. # 52] filed by defendant, Charles S. Mack, Jr.  The Government opposes the motion.  [doc. # 55].  For reasons stated below, it is recommended that the motion be **DENIED.**

## BACKGROUND

On October 26, 2005, a federal grand jury returned a ten-count indictment against defendants, Charles Sidney Mack, Jr. and John Kelly.  Count One charged the defendants with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and 846.  Counts Two through Seven charged Mack with several instances of distribution.

On January 24, 2006, pursuant to a written plea agreement, Mack pled guilty to Count One of the Indictment.  In conjunction with the plea, the Government filed an Information and Notice of Prior Narcotics Convictions Pursuant to 21 U.S.C. § 851.  [doc. # 26].  At his guilty plea hearing, the court specifically advised Mack that as a result of his admission to the Information and Notice, his potential sentence ranged from not less than 20 years to life in prison.  (Plea Hearing Transcript pg. 10).  Mack acknowledged that he understood the penalties. *Id*. at pg. 11.  On February 13, 2006, the district court accepted defendant's guilty plea and adjudged him guilty of the offense charged in Count One of the indictment.  (February 13, 2007,

Indictment).

On July 11, 2006, Mack was sentenced to a prison term of 240 months (20 years). (July 11, 2006, Judgment). The remaining counts of the indictment were dismissed. *Id*. Mack filed the instant motion on March 5, 2007. The Government filed its response on March 30, 2007. The matter is now before the court.

## LAW AND ANALYSIS

The Law of § 2255 Actions

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656

> F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. A mere challenge to the calculation of the defendant's sentence without an assertion of innocence is not within the narrow category of § 2255 proceedings which implicate a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

In his motion, Mack contends that his guilty plea was involuntary, unlawfully induced, or rendered without an understanding of the charge and the consequences of the plea. (Motion, pg. 4). He further alleges that his conviction was the product of a coerced confession. *Id*. Yet, the

circumstances under which a guilty plea may be attacked on collateral review are strictly limited. *Bousley*, 523 U.S. at 621, 118 S.Ct. at 1610. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.* Here, of course, defendant did not appeal his conviction and sentence. (Motion, pg. 1). Moreover, in his supporting memorandum, plaintiff emphasized that he did not want to change his plea "nor have it taken away." (Pl. Memo., pg. 1).

Defendant's principal complaint seems to be the length of his sentence. In this regard, he argues that he was denied effective assistance of counsel because his attorney did not file an appeal or make enough of an effort to reduce his sentence.

Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 732, 735 (5th Cir. 1992). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-7, 104 S.Ct. 2052, 2063-2064 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See*, *Strickland* at 689-690, 2065-2066. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690, 2066; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1993); *see also, Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In the context of challenging a guilty plea, prejudice is present if there is a reasonable probability that, absent counsel's errors, the defendant would not have entered a guilty plea and, instead, would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 371 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

By challenging a guilty plea with a claim for ineffective assistance of counsel, a defendant is restricted to only challenging the voluntariness of the guilty plea. "A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also United v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v.*

5

*Estelle*, 711 F.2d 677 (5th Cir. 1983). Additionally, regardless of counsel's performance, a "conviction should be upheld if the plea was voluntary," because, if it was, "there is 'no actual and substantial disadvantage' to the defense." *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

In the case *sub judice*, despite the benefit of hindsight and reflection, defendant maintains that he does not wish to change his plea or "have it taken away." (Pl. Memo., pg. 1). This expression of voluntariness is consistent with Mack's plea colloquy covering his understanding of the maximum penalties, the conditions of his plea agreement, and the operation of the Sentencing Guidelines. (Plea Hearing Transcript pgs. 9-15). Accordingly, there is no reasonable basis to doubt the voluntariness of his plea.

With regard to sentencing, Mack vaguely argues that his attorney was unable to obtain a reduced sentence because he was unfamiliar with the substitute Assistant U.S. Attorney. (Pl. Memo., pgs. 2-3). To prove prejudice, Mack must demonstrate that but for counsel's errors, the result would have been different, *i.e.* a lesser sentence imposed. *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). Yet, the sentence imposed on Mack was the statutory minimum. (Plea Hearing, pgs. 10-11). There is no evidence that Mack was eligible for a downward departure. Moreover, the pre-sentence investigation report indicated that if the Government had included a second "felony drug offense" in its § 851 notice, Mack would have faced life in prison. (*See*, Pre-Sentence Investigation Report).[1] Thus, counsel's efforts via the plea agreement actually resulted in a lesser sentence for Mack.

Mack further contends that his attorney was ineffective for failing to tell him that he was foregoing his right to appeal. In *Roe v. Flores-Ortega*, the United States Supreme Court

---

[1] Apparently, Mack was convicted of distributing cocaine in 1992 and 1997. (*See*, Pre-Sentence Investigation Report). However, the § 851 notice included only the 1997 conviction. (*See*, doc. # 26).

6

addressed ineffective assistance of counsel in terms of the pursuit of an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000). An attorney's failure to file a notice of appeal cannot be considered ineffective assistance of counsel *per se*. An attorney who disregards a defendant's specific instruction to file a notice of appeal acts in an unprofessionally, unreasonable manner. *Id*. A defendant who explicitly instructs his attorney not to file a notice of appeal cannot later claim that his attorney was deficient. *Id.*

If an attorney has consulted with the client about appealing, and the decision is made not to appeal, the attorney cannot be considered ineffective. The attorney who consults with the defendant about the appeal is only ineffective if he disregards the defendant's "express instructions with respect to an appeal." *Id.*

If counsel has not consulted with the defendant, the question becomes "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*. The issue then arises "[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Id*. As a "constitutional matter" an attorney's failure to consult with a defendant about an appeal cannot always be considered unreasonable. *Id*. Thus, the Supreme Court rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id*. The Supreme Court stated as follows:

> [w]e instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id*.

The Court explained that in determining if the attorney should have consulted with the defendant, the courts can consider "all the information counsel knew or should have known." *Id*. A "highly relevant factor" in this determination is if a defendant pleaded guilty or proceeded to trial. Id. The fact that a defendant pleads guilty is relevant since "a guilty plea reduces the scope

7

of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.*

The Supreme Court further stated that to show prejudice in this context, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* The Court noted that to prove deficient performance, a defendant could rely on evidence that he expressed an interest in appealing to his attorney. However, that evidence would not be sufficient to demonstrate that if the defendant had "received reasonable advice" from the attorney about appealing, he would have instructed the attorney to appeal. *Id.*

One scenario that does not rise to the level of "professionally unreasonable" conduct is where the defendant is advised that a guilty plea will result in a certain sentence; the defendant agrees with this course of action and pleads guilty; he receives the expected sentence, and is informed of his appeal rights by the court; but the defendant does not express any interest in appealing, and counsel concludes that there are no non-frivolous grounds for appeal. *Flores-Ortega*, 528 U.S. at 479, 120 S.Ct. at 1036. The circumstances here are materially indistinguishable from the Supreme Court's example. At his guilty plea, Mack was advised that he was facing a minimum prison term of 20 years. He nonetheless elected to plead guilty. He received a sentence of 20 years, and was informed of his right to appeal by the court. (Sentencing Hearing, pgs. 4-6). There are no allegations or evidence that Mack notified counsel that he wished to appeal, nor is there any evidence that counsel was aware of non-frivolous grounds for an appeal. (*See*, Gregory Elias Affidavit; Gov.'t Exh. A).

For the above-stated reasons, it is recommended that defendant's motion be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

8

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE