
RECEIVED
IN MONROE, LA
OCT 2 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 05-30040-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHARLES SIDNEY MACK, JR. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pursuant to 18 U.S.C. § 3582(c)(2), which provides for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission under 28 U.S.C. § 994(u), the Court has considered whether Defendant Charles Sidney Mack, Jr.'s sentence of imprisonment should be reduced because of the recent amendments to the United States Sentencing Guidelines for crack cocaine. Defendant in this matter was previously sentenced to a statutory minimum of 120 months. Therefore, in an August 11, 2008 Order, the Court indicated that it did not intend to reduce Defendant's sentence of imprisonment. Defendant was ordered to file any objections within sixty (60) days. The Government has responded, does not object to the Court's determination, and waives any hearing.

On October 8, 2008, the Court granted the motion of Defendant's counsel to withdraw and to allow Defendant to proceed *pro se*. The Court further granted Defendant an extension for fifteen days or until October 23, 2008, to file any supplemental brief and/or evidence in support of his request for a reduction under § 3582(c)(2).

On October 20, 2008, Defendant filed a Motion to Amend [Doc. No. 93]. However, upon

review, the motion is merely a brief by Defendant in support of a reduction under § 3582(c)(2). Defendant contends that he should not have received a mandatory sentence of twenty (20) years imprisonment and challenges the underlying conviction in this matter.

Having fully reviewed Defendant's brief and the applicable case law, the Court finds that no hearing is necessary and that Defendant is not entitled to a reduction in sentence. The amendments to Section 2D1.1 of the Sentencing Guidelines have no effect on a statutory minimum sentence. The Guideline range of imprisonment before and after the application of the amendment is still the statutory mandatory minimum. Accordingly, the Court finds that a reduction in Defendant's term of imprisonment is not authorized by 18 U.S.C. § 3582(c).

Additionally, the Court is not permitted to consider any collateral attacks to Defendant's underlying sentence under § 3582(c)(2). Defendant has previously filed a motion to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255. If he wishes to file a second or successive § 2255 motion, he must obtain authorization from the United States Court of Appeals for the Fifth Circuit in order to do so.

For these reasons, Defendant is not entitled to a reduction in his term of imprisonment under § 3582(c)(2), and his Motion to Amend is DENIED. Defendant shall serve the statutorily mandated 240-month term of imprisonment imposed by this Court on July 6, 2006.

MONROE, LOUISIANA, this 24 day of October, 2008.

                                                        ROBERT G. JAMES
                                                   UNITED STATES DISTRICT JUDGE