RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/12/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 05-30040-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHARLES SIDNEY MACK, JR. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is a pleading filed by Defendant Charles Sidney Mack, Jr. ("Mack"), which is styled a "Motion to Correct, Set Aside, Or Vacate Pursuant to Rule 60(b)(6)" ("Rule 60 Motion") [Doc. No. 108]. Mack argues that under the Supreme Court's recent decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011), his conviction and sentence are constitutionally invalid. In *DePierre*, the Supreme Court considered the issue of whether the term "cocaine base," as used in the Anti-Abuse Act of 1986, 21 U.S.C. § 841(b)(1)(A), "refers generally to cocaine in its chemically basic form or exclusively to what is colloquially known as 'crack cocaine.'" *Id.* at 2227-28. The Supreme Court held that "cocaine base" refers more broadly to cocaine in its "chemically basic form," not just to crack cocaine. However, Mack interprets *DePierre* to require the Government to "establish the scientific identification of a substance in order to 'prove beyond a reasonable doubt' that the substance alleged at the entry of plea is in fact a substance that violates the provisions of the law under which [the defendant] is charged." [Doc. No. 108, p. 4]. Because no chemist testified at his guilty plea hearing, Mack argues that his guilty plea and sentence should be vacated.

Rule 60(b) permits a court to grant relief from a final judgment for "any . . . reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). The Fifth Circuit

has instructed that a "Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law." *United States v. Bell*, 369 Fed. App'x 610, 611 (5th Cir. 2010) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Rich*, 141 F.3d 550, 551-53 (5th Cir. 1998) (noting that federal prisoner's Rule 60(b) motion, which raised for the first time a theory of relief based on the assertion that a Supreme Court decision changed the law, should be construed as a successive § 2255 motion)).

Because Mack's Rule 60 Motion attacks the validity of his guilty plea and thus the validity of his conviction and sentence, the Court considers it a successive Section 2255 motion. A successive motion attacking the validity of a conviction and sentence under Section 2255 must be certified by a panel of the appropriate court of appeals before it can be heard by the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997).

This Court is without jurisdiction to consider Mack's present Section 2255 motion until the Court of Appeals first grants him permission or leave to file the motion. *Id.* at 774. Therefore,

IT IS ORDERED that Mack's Rule 60 Motion [Doc. No. 108] is DENIED for lack of jurisdiction. The Court's denial is without prejudice to Mack's right to file a motion for leave to file a successive Section 2255 motion in the United States Court of Appeals for the Fifth Circuit. *Id.* at 364 (setting out requirements for filing a motion in the court of appeal for authorization to file a successive habeas petition).

MONROE, LOUISIANA, this 12 day of August, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE