UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  05-30040-01 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CHARLES SIDNEY MACK, JR. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a letter-motion to seal the instant record and docket sheet [doc. # 133] filed by defendant, Charles Sidney Mack, Jr.  For reasons assigned below, the motion is DENIED.

### Background

On October 26, 2005, a federal grand jury returned a ten-count indictment against defendants, Charles Sidney Mack, Jr. and John Kelly.  Count One charged the defendants with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and 846.  Counts Two through Seven charged Mack with several instances of distribution.

On January 24, 2006, pursuant to a written plea agreement, Mack pleaded guilty to Count One of the Indictment.  In conjunction with the plea, the Government filed an Information and Notice of Prior Narcotics Convictions Pursuant to 21 U.S.C. § 851.  [doc. # 26].  On February 13, 2006, the district court accepted defendant's guilty plea and adjudged him guilty of the offense charged in Count One of the indictment.  (February 13, 2007, Indictment).  On July 11, 2006, Mack was sentenced to a prison term of 240 months (20 years).  (July 11, 2006, Judgment).  The remaining counts of the indictment were dismissed. *Id*.

On March 22, 2013, the court received the instant letter-motion from defendant, Mack.  By his motion, defendant asks the court to seal all documents in the suit record (and the docket sheet itself),

because some of his fellow inmates are going online and "googling" other inmates' docket sheets, and using that information to inflict bodily harm on the inmates. Defendant contends that the court should seal the instant record for his safety.

## Law and Analysis

The public enjoys a general, common law right to inspect and copy public records and documents, including judicial records and documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, (1978) (citations omitted). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (citations and internal quotation marks omitted). In fact, there is a presumption of openness inherent in the nature of a criminal trial. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573, 100 S. Ct. 2814, 2825 (1980).

Furthermore, in the specific context of criminal proceedings, the Supreme Court has commented that

> [c]riminal acts, especially violent crimes, often provoke public concern, even outrage and hostility; this in turn generates a community urge to retaliate and desire to have justice done. Whether this is viewed as retribution or otherwise is irrelevant. When the public is aware that the law is being enforced and the criminal justice system is functioning, an outlet is provided for these understandable reactions and emotions. Proceedings held in secret would deny this outlet and frustrate the broad public interest; by contrast, public proceedings vindicate the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct . . .

*Press-Enter. Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 508-09, 104 S. Ct. 819, 823(1984) (citations omitted).

Therefore, closed proceedings, while not absolutely forbidden, must be rare, and supported by reasons that outweigh the significant value of openness. *Id*. The presumption of openness may be overcome only upon an express determination that closure is essential to preserve higher values and that closure is narrowly tailored toward that interest. *Id*. (citation omitted).

Applying the foregoing principles to the matter at hand, the court readily finds that defendant has

2

failed to set forth circumstances sufficient to overcome the presumption of openness and access to court records.  First, defendant proffers no explanation for how his fellow inmates could use knowledge of the instant court proceedings to cause him bodily harm.  He also does not present any facts sufficient to distinguish his circumstances from countless other criminal defendants who would prefer to have their cases obscured from public view ostensibly because they harbor vague and unarticulated fears for their personal safety.  In other words, defendant's argument, if credited, could be extended to most, if not all criminal cases.  This, of course, would eviscerate the presumption of openness inherent in criminal proceedings.

Second, even if defendant had made a sufficient showing of imminent bodily harm that was unique or rare to his case, he has not demonstrated that his proposed remedy is narrowly tailored toward upholding his safety.  There are other remedies available to defendant, such as advising prison officials that he faces risk of imminent bodily harm and requesting that protective measures be taken, *e.g.*, placement in segregated confinement.  Finally, sealing the instant record will not even effect the relief sought by defendant because the data retrieved by "google" already resides on web sites outside of the court's control.

For the foregoing reasons, defendant's letter-motion to seal the record and docket sheet [doc. # 133] is hereby DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 2rd day of April 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE