UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-30040-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHARLES SIDNEY MACK, JR. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is a "Motion to Appoint Court-Appointed Attorney for Purposes of Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. No. 143] filed by Defendant Charles Sidney Mack, Jr. ("Mack"). Mack contends that on September 18, 2013, the United States Sentencing Commission voted unanimously to apply the provision of the Fair Sentencing Act of 2010 ("FSA") retroactively, thereby reducing statutory minimum sentences for crack cocaine offenders. He argues that he may be eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

Pursuant to § 3582(c)(2), a defendant's sentence may be modified if he was sentenced to "'a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission.'" *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (quoting § 3582(c)(2)). "A reduction under § 3582(c)(2) is not authorized if an amendment does not lower the guideline range due to, for example, the operation of a statutory mandatory minimum sentence." *United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013) (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n. 1(A)).

This Court is bound by the precedent of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court. In *Dorsey v. United States*, ––– U.S. ––––, 132 S.Ct. 2321, 2335–36, 183 L.Ed.2d 250 (2012), the Supreme Court held that the new statutory minimum sentences set forth in the FSA apply to defendants who committed their offenses prior to the enactment of the FSA but were sentenced after the enactment of the FSA. However, the FSA has not been applied retroactively to defendants who committed their offenses **and** were sentenced after the effective date of FSA, like Mack. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) (Under the Savings Statute, 1 U.S.C. § 109, "the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does not apply retroactively.").

Unless there is a change in the precedent, the Court has no authority to grant Mack the relief requested. Accordingly,

IT IS ORDERED that his motion [Doc. No. 143] is DENIED.

MONROE, LOUISIANA, this 21st day of October, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE